IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

SCOTT CARMELL                          §

v.                                     §        CIVIL ACTION NO. 6:14cv104

DIRECTOR, TDCJ-CID                     §


MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT


The Petitioner Scott Carmell, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of prison disciplinary action taken against him during his confinement in the Texas Department of Criminal Justice, Correctional Institutions Division. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Carmell's petition challenges a disciplinary case he received for attempting to make contact with the victim of his offense, who was under 17 years of age at the time the offense occurred. After review of the pleadings, including the answer from the Respondent and Carmell's reply to the answer, the magistrate judge issued a report recommending that the petition be dismissed. The magistrate judge concluded that Carmell's petition was barred by the statute of limitations and that Carmell failed to show that the punishments imposed in the disciplinary case amounted to the deprivation of any constitutionally protected liberty interests.

In his objections to the report, Carmell argues first that the limitations period began to run when he received his Step Two grievance back from the prison officials, not when this grievance was decided and signed. He cites the TDCJ Offender Grievance Operations Manual, which provides that

1

the unit grievance investigator will receive the completed Step Two grievance and place a date stamp in the upper right hand corner indicating the date that the grievance was returned to the prisoner. This date of return should also be entered into "GROO Screen 09, Option 2, Returned to the Offender," apparently indicating entry into the computer system. Carmell states that according to the manual, "this is important for attorneys defending the agency in litigation." Carmell also cites the Texas Government Code, Article 501.008, and the Texas Civil Practice and Remedies Code, Article 14.0005, as providing that the termination of a pending grievance and the tolling period is designated as "the date the offender receives the written decision from the grievance system."

As the magistrate judge stated, the Fifth Circuit has held that the "pendency" of grievances tolls the limitations period. *Kimbrell v. Cockrell*, 311 F.3d 361, 364 (5th Cir. 2002). In *Anderson v. Livingston*, No. 10-40075, 394 F.App'x 132, 2010 WL 3516720 (5th Cir., September 7, 2010), a civil rights lawsuit applying a two-year limitations period, the Fifth Circuit stated as follows:

> [Plaintiff's] final grievance was denied on 28 August 2007, and he did not sign his complaint until 29 August 2009; thus, more than two years after his grievance was decided and before he could have handed his complaint to a prison official for mailing. His claim was time-barred even if, as he alleges, he did not receive notice of the denial until 4 September 2007. *See Phillips v. Donnelly*, 216 F.3d 508, 511 n.3 (5th Cir. 2000) (holding matter was no longer 'pending' where it was 'decided and settled, regardless of whether [appellant] had notice of the denial on that date.'

The same rule applies in the present case; Carmell's grievance ceased to be "pending" when it was denied on February 11, 2013, regardless of whether Carmell had notice on that date. District courts have interpreted this principle as meaning that the limitations period is tolled between the filing of each grievance and the date that grievance is decided. *Davila v. Quarterman*, civil action no. C-06-225, 2006 WL 3761789 (S.D.Tex., December 20, 2006); *McAllister v. Stephens*, civil action no. 4:12cv554, 2014 WL 2332141 (S.D.Tex., May 27, 2014); *Kemple v. Director, TDCJ-CID*, Civil Action No. 6:04cv472, 2005 WL 2137745 (E.D.Tex. Sept.2, 2005), *affirmed by denial of certificate of appealability* July 11, 2006). This Court has located no case holding that the date of return of Texas prison grievances commences the limitations period. Carmell's objection on this point is without merit.

Second, Carmell argues that TDCJ Disciplinary Rule 10.1, prohibiting unauthorized contact with victims criminal offenses who were under the age of 17 at the time the offense occurred, violated his rights under the Sixth and Fourteenth Amendments because he was "restrained in his right to compulsory process in a criminal proceeding." He argues that Texas state habeas proceedings are criminal and not civil in nature and that the "authorization" to obtain permission to contact the victim cannot be enforced because there is "no known procedure for obtaining authorization." Carmell contends that he has a Sixth Amendment right to contact and interview witnesses for his state habeas proceeding, but the TDCJ disciplinary rule prevented him from doing so. Nonetheless, Carmell denies that he was attempting to contact the victim at all.

The statutory basis for Disciplinary Rule 10.1 is found in Tex. Gov. Code art. 498.0042, which requires that before an inmate makes contact with a victim of the offense, who was younger than 17 years of age at the time of the offense, consent must be obtained from a parent (other than the inmate), legal guardian, or the victim, if 17 years of age or older at the time of giving consent. Although Carmell complains that "there is no way to obtain authorization," he fails to show that he sought any such authorization from anyone. Nor did he show that he tried to obtain assistance from the court in which his state habeas application was pending or the warden of the unit where he was confined. The magistrate judge correctly determined that the disciplinary rule did not violate any right which Carmell may have to contact and interview witnesses, but merely mandated that he obtain authorization before contacting a victim of his crime who was under the age of 17 when the offense was committed. Carmell's claim on this point is without merit.

In his third objection, Carmell asserts that the evidence was insufficient to show that he was trying to contact anyone. Prison disciplinary convictions will be upheld if there is "some evidence ... any evidence at all" to support the finding of guilt. *Hudson v. Johnson*, 242 F.3d 534, 537 (5th Cir. 2001). The relevant question is whether there is "any evidence in the record that could support the conclusion" reached by the disciplinary hearing officer. *Superintendent, Mass. Correctional Institution, Walpole v. Hill*, 472 U.S. 445, 455-56, 105 S.Ct. 2768, 2774 (1985).

The evidence against Carmell consisted of a letter he wrote to a friend named Karen Rozelle, thanking her for "checking on Katherine" [the victim], apologizing for mis-spelling Katherine's name, and giving her full name as well the name of a person to whom Katherine could possibly be married. The disciplinary case charged that Rozelle was assisting Carmell in conducting an Internet search for Katherine; additional information in the offense report stated that Rozelle had done the same thing with Carmell's son by locating him on-line, printing pictures, and sending these to Carmell.

Carmell argues that the letter to Rozelle was interpreted to mean that Carmell was attempting to contact Katherine, but the letter said nothing about contacting anyone and did not even hint at it. He goes on to state as follows:

> What was Karen Rozelle going to do with [the letter]? Carmell was eligible for a parole interview shortly after this letter was written. Was Karen checking to make sure [Katherine] was not living in the area to which Carmell wanted to parole? Carmell is a writer, was Karen researching for a writing project? Karen previously used the Internet to search and acquire court documents. While ignoring this, the magistrate said that since Karen used the Internet to locate Carmell's son, this constituted some evidence that he was attempting to contact [Katherine], to which Carmell objects.

Although Carmell speculates as to other conclusions which could be reached from the letter and complains that the magistrate judge "rejected other viable reasons for sending the letter," he has not shown that there was no evidence to support the finding of guilt. Carmell cannot have his disciplinary case tried *de novo* in federal court. *Smith v. Rabelais*, 659 F.2d 539, 545 (5th Cir. 1981). The fact that the hearing officer rejected Carmell's alternative explanations is not a basis upon which to overturn the verdict, even if this decision was in error. *See McCrae v. Hankins*, 720 F.2d 863, 868 (5th Cir. 1983) (in the context of prison disciplinary proceedings, the Constitution requires due process, not error-free decision-making). Carmell's claim on this point is without merit.

With regard to the magistrate judge's conclusion that Carmell failed to show the deprivation of a constitutionally protected liberty interest, Carmell argues that because Rule 10.1 is unconstitutional, the punishments imposed were unconstitutional. None of the punishments imposed

upon Carmell as a result of this disciplinary case exceeded his sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nor did they impose atypical or significant hardship upon Carmell in relation to the ordinary incidents of prison life. Hence, they did not implicate any constitutionally protected liberty interests. *See Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300 (1995). Nor has Carmell has shown that Rule 10.1 is unconstitutional. His objection on this point is without merit.

The Court has conducted a careful *de novo* review of the pleadings in the cause, the report of the magistrate judge, and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the report of the magistrate judge is correct and that the Petitioner's objections are without merit. It is accordingly

**ORDERED** that the Petitioner's objections are overruled and the report of the magistrate judge (docket no. 20) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled application for the writ of habeas corpus be and hereby is **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that the Petitioner Scott Carmell is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED.**

It is SO ORDERED.

SIGNED this 28th day of April, 2015.


_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE